UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 25 CR 773-1 |
| v. | ) | |
| | ) | Judge Keri L. Holleb Hotaling |
| LUIS URIBE | ) | |
| | ) | |

**LUIS URIBE'S MOTION IN SUPPORT OF PRETRIAL RELEASE**

Defendant LUIS URIBE, by his attorney, MARY H. JUDGE, and the Federal Defender Program, respectively submits this motion for release on electronic monitoring:

## I.      Introduction

Mr. Uribe requests that the Court follow Pretrial Services' recommendation and release Luis Uribe. Release is warranted because there are numerous facts under 18 U.S.C. §3142(g) that rebut the presumption and demonstrate that there are conditions of release that will reasonably assure Mr. Uribe's appearance in court and the safety of the community. Those conditions include electronic monitoring and a secured bond co-signed by his father, Jose Luis Uribe, who has agreed to post his home and serve as third-party custodian.

## II.      The Presumption is Rebutted Here, and the Government cannot Prove by Clear and Convincing Evidence That There are No Conditions that Will Reasonable Assure Appearance and Safety.

As the Supreme Court held in *Salerno*, "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. at 755.

1

"Pretrial detention is still an exceptional step." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) (citing *Salerno*, 481 U.S.at 749). The Bail Reform Act codifies this presumption of release. 18 U.S.C. § 3142. Under the Bail Reform Act, the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Moreover, even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. 18 U.S.C. § 3142(c)(1) (emphasis added).

Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

Very little is required for a defendant to rebut the presumption of detention. A defendant need only produce "some evidence that he will not flee or endanger the community if released." *Dominguez*, 783 F.2d 702, 707 (7th Cir.); *see also United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) ("[T]o rebut the presumption, the defendant must produce some evidence."); *United States v. Gamble*, No. 20-3009, 2020 U.S. App. LEXIS 11558 at *1–2 (D.C. Cir. Apr. 10, 2020) (holding that "[t]he district court erred in concluding that appellant failed to meet his burden of production to rebut the statutory presumption" regarding dangerousness because

2

"appellant did 'offer some credible evidence contrary to the statutory presumption,'" including information that he had a job offer) (unpublished) (quoting *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985)).

This "burden of production is not a heavy one to meet." *Dominguez*, 783 F.2d at 707. Indeed, the presumption of detention is rebutted by "*[a]ny evidence* favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family and employment status, ties to and role in the community . . . and other types of evidence encompassed in § 3142(g)(3)." *Id.* (emphasis added); *Jessup*, 757 F.2d at 384. Any "evidence of economic and social stability" can rebut the presumption. *Dominguez*, 783 F.2d at 707. As long as a defendant "come[s] forward with some evidence" pursuant to § 3142(g), the presumption of flight risk and dangerousness is definitively rebutted. *Id.* ("Once this burden of production is met, the presumption is 'rebutted.'") (quoting *Jessup*, 757 F.2d at 384); *see also O'Brien*, 895 F.2d at 816 (finding presumption of flight risk rebutted by evidence of effectiveness of electronic monitoring ankle bracelet together with posting of defendant's home).[1] The government bears the burden of *persuasion* at all times. *Id.*; *Jessup*, 757 F.2d at 384; *United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985).

---

[1] To rebut the presumption of flight risk, for example, a defendant does not "have to *prove* that he would not flee—*i.e.*, he would [not] have to *persuade* the judicial officer on the point. [Instead], he would only have to introduce a certain amount of evidence contrary to the presumed fact." *Jessup*, 757 F.2d at 380–81; *accord Dominguez*, 783 F.2d at 707.

3

In *Dominguez*, for example, the Seventh Circuit determined that the defendants had sufficiently rebutted the presumption of detention by introducing evidence about their employment and family ties. 783 F.2d at 707. Both defendants were Cuban immigrants who were not U.S. citizens but had been in the country lawfully for five years, and neither had a criminal record. *Id.* One of the defendants was married and had family members in the United States; both were employed. *Id.* These facts alone were sufficient for the Seventh Circuit to find that defendants had rebutted the presumption. *Id.*

After the presumption is rebutted, the Court must weigh the presumption against all the other evidence about the defendant's history and characteristics that tilts the scale in favor of release. *See Dominguez*, 783 F.2d at 707 ("[T]he rebutted presumption is not erased. Instead, it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."); *Jessup*, 757 F.2d at 384 (holding that the judge should consider the rebutted presumption along with the § 3142(g) factors). The Court should not give the presumption undue weight if evidence relating to other § 3142(g) factors support release.

### A. Mr. Uribe is not a Danger to the Community.

Here, the Government relies almost entirely on the nature and circumstances of the offense and the weight of the evidence to argue that no conditions exist that would reasonably assure Mr. Uribe's appearance and the safety of the community. DKT No. 5, at 10-11.

4

These arguments do not win the day. First, Mr. Uribe is cloaked in the presumption of innocence as to the instant offense - that presumption is codified explicitly in the Bail Reform Act. 18 U.S.C. 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."). Flowing from that protection, the Seventh Circuit has held that even when a defendant is charged with a serious crime, there may be release conditions that will reasonably assure the safety of the community. *Dominguez*, 783 F.2d at 707. Additionally, the Court must not rely solely on the weight of the evidence to detain a defendant in a presumption case. A defendant is not required to "'rebut' the government's showing of probable cause to believe that he is guilty of the crimes charged." *Id.* Indeed, courts consider the weight of the evidence the "least important" of the § 3142(g) factors, because the "bail statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991): *see also United States v. Caro*, No. 05 CR 858, 2005 WL 8160735, at *3 (N.D. Ill. Nov. 2, 2005).

### B. Mr. Uribe's Strong Ties to the Community, Lack of Substance Abuse or Mental Health History, Military Service and Employment History, Establish that He is Not a Risk of Flight and Weigh Heavily in Favor of Release.

As the Government concedes, Mr. Uribe has never been convicted of a crime, and his lack of criminal history weighs in favor of release. Mr. Uribe is an honorably discharged United States Marine who served his country for four years in the United States and overseas. He has been employed with the federal government since 2009,

5

has no history of addiction of controlled substances or alcohol, and no mental health issues or diagnosis.

Mr. Uribe has close family ties, including a wife, four children and a supportive extended family. 18 U.S.C. § 3142(g)(3). Additionally, upon his release, his father, will provide Mr. Uribe with a stable living environment and is willing to serve a third-party custodian if the Court deems that condition appropriate.

Under the Bail Reform Act, Mr. Uribe must be released because there are conditions that will reasonably assure the safety of the community and Mr. Uribe's appearance in court. A defendant cannot be detained "unless a finding is made that no release conditions '*will* reasonably assure . . . the safety of the community'" and the defendant's appearance in court. *Dominguez*, 783 F.2d at 707 (quoting § 3142(e)). Here, the government cannot carry its high burden of proving by clear and convincing evidence that there are *no* release conditions that will reasonably assure the safety of the community. *See id.* at 708 n.8. The government also has not proved by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. Uribe's appearance in court. Thus, Mr. Uribe cannot be detained.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By:     /s/ Mary H. Judge
        Mary H. Judge

FEDERAL DEFENDER PROGRAM
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8336

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, <u>Mary H. Judge</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

### <u>LUIS URIBE'S MOTION IN SUPPORT OF PRETRIAL RELEASE</u>

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>December 15, 2025</u>, to counsel/parties that are non-ECF filers.

By:   <u>*/s/ Mary H. Judge*</u>
      MARY H. JUDGE
      FEDERAL DEFENDER PROGRAM
      55 E. Monroe St., Suite 2800
      Chicago, Illinois 60603
      (312) 621-8336

8